NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK GUSTAVO MORENO-NUNEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   14-70757<br><br>Agency No. A205-147-182<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Erick Gustavo Moreno-Nunez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Moreno-Nunez failed to establish that the harm he fears in Mexico would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Zetino*, 622 F.3d at 1016 (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject Moreno-Nunez's contention that the BIA erred in its social group analysis. Thus, Moreno-Nunez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Moreno-Nunez failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**

14-70757